UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NIA GATES, ET AL.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1727** |
| **VOLKSWAGEN GROUP OF AMERICA, CHATTANOOGA OPERATIONS LLC, ET AL.,**<br>    **Defendant** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is Defendant Volkswagen Group of America, Chattanooga Operations LLC's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).[1] Plaintiffs filed an opposition.[2] Defendant replied.[3]

## BACKGROUND

On June 22, 2020, Plaintiffs were involved in a car accident with a tractor trailer on Interstate-10 West in New Orleans, Louisiana.[4] On June 22, 2021, Plaintiffs filed suit in state court under the Louisiana Products Liability Act, alleging that the front passenger-seat airbag was defective and did not deploy, causing injury to Plaintiff Nia Gates.[5] In their Second Amended Petition for Damages, Plaintiffs named Defendant Volkswagen Group of America, Chattanooga Operations LLC ("Defendant VGA") as a defendant, alleging it manufactured the defective airbag.[6] On June 10, 2022, Defendants removed the suit to this Court.[7] Having not received a summons nor service of process,

---

[1] R. Doc. 12.
[2] R. Doc. 19.
[3] R. Doc. 24.
[4] R. Doc. 1-13 at p. 2.
[5] *Id.* at pp. 2-3; R. Doc. 1-1 at p. 2.
[6] R. Doc. 1-3 at p. 46.
[7] R. Doc. 1.

Defendant VGA filed the instant motion to dismiss for insufficient process and service of process.[8] Plaintiffs filed an opposition on November 15, 2022.[9] Defendant VGA timely replied.[10]

## **LEGAL STANDARD**

"Federal Rule of Civil Procedure 12(b)(4) provides that an action may be dismissed for 'insufficient process.' A challenge under Rule 12(b)(4) attacks the form of the process rather than how process was served."[11] By contrast, "Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner."[12] "In the absence of valid service of process, proceedings against a party are void."[13] The party responsible for serving has the burden of showing that service was valid in the face of a 12(b)(4) or 12(b)(5) challenge.[14]

Federal Rule of Civil Procedure 4(m) governs service of process generally and provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[15]

---

[8] R. Doc. 12.
[9] R. Doc. 19.
[10] R. Doc. 24.
[11] *Yarbrough v. Swift*, No. 18-10093, 2019 WL 2027173, at *3 (E.D. La. May 8, 2019) (citing *McCoy v. Hous. Auth. Of New Orleans*, No. CV 15-398, 2015 WL 9204434, at *5 n.75 (E.D. La. Dec. 17, 2015)).
[12] *Id.*; *Wallace v. St. Charles Parish Sch. Bd.*, 2005 WL 1155770, at *1 (E.D. La. 2005).
[13] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).
[14] *Signs Supplies v. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).
[15] Fed. R. Civ. P. 4(m).

Thus, a Court faced with a defendant's Rule 12(b)(4) or 12(b)(5) motion to dismiss for failure to timely serve must undertake a two-part inquiry under Rule 4(m).[16] First, the Court must determine whether the plaintiff can show "good cause" for its failure to timely serve.[17] If good cause exists, the Court is required to extend the 120-day window for service of process.[18] "If good cause does not exist, the Court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."[19] "District courts have broad discretion when determining whether to dismiss an action for ineffective service of ineffective service of process."[20]

## **LAW AND ANALYSIS**

The Court need not address whether Plaintiffs have demonstrated "good cause" for their failure to properly serve Defendant VGA within the 120-day window provided by Rule 4(m). Even assuming, for the sake of argument, that "good cause" did not exist for the untimely service, the Court has broad discretion to determine whether dismissal for failure to timely serve is warranted or whether to extend the time for service. Service has now been perfected in this case—albeit late—and the Court does not find that dismissal is warranted based on the now-repaired defect in service.[21] The Court does not condone the actions of Plaintiffs' counsel but recognizes that Plaintiffs themselves did not cause the delay in service, and Defendant will not be prejudiced in any meaningful way by allowing

---

[16] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Yarbrough*, No. 18-10093, 2019 WL 2027173, at *3; *see also George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).
[21] *See Cockerham v. Rose*, 2011 WL 1515159, at *2 (N.D. Tex. Apr. 18, 2011) ("Dismissal of a case under Rules 12(b)(4) or 12(b)(5) 'is not appropriate where "there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly."'"). Plaintiff requested service upon Defendant VGA on November 15, 2022. R. Doc. 18. Summons was then issued on November 16, 2022. R. Doc. 20. On January 5, 2023, Plaintiffs filed on the record proof of service. R. Doc. 29.

3

this late service to stand.[22] Accordingly, the Court will not dismiss Plaintiffs' claims on the grounds that Defendant was served outside of Rule 4(m)'s 120-day window.

## CONCLUSION

**IT IS ORDERED** that Defendant Volkswagen Group of America, Chattanooga Operations LLC's motion to dismiss is **DENIED**.

**New Orleans, Louisiana, this 11th day of January, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[22] *See Millan v. USAA Gen. Indem. Co.*, 546 F. 3d 321, 326-27 (5th Cir. 2008).

4