UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NIA GATES, ET AL. | CIVIL ACTION NO: 22-CV-1727 |
| VERSUS | JUDGE DARREL JAMES PAPILLION |
| AUTOLIV ASP, INC., ET AL. | MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant Progressive Paloverde Insurance Company ("Progressive") and a Motion for Summary Judgment filed by Defendant Autoliv ASP, Inc. ("Autoliv"). R. Docs. 41 and 46. Plaintiffs Nia Gates ("Gates") and Imani Pittman ("Pittman") (collectively, "Plaintiffs") filed statements of no opposition in response to both motions. R. Docs. 49 and 50. For the following reasons, the motions filed by Progressive and Autoliv are **GRANTED**.

## BACKGROUND

On June 22, 2020, Plaintiffs were traveling in Pittman's 2015 Volkswagen Passat (the "Vehicle") on I-10 in New Orleans, Louisiana, when a tractor trailer allegedly switched lanes, causing the Vehicle to hit the interstate divide. R. Doc. 1-13 at ¶¶ 7-9. Plaintiffs claim the driver of the tractor trailer drove away from the scene of the accident without stopping. *Id.* at ¶ 9. Some of the airbags in the Vehicle deployed, but the front passenger airbag did not deploy, allegedly causing Gates to suffer facial injuries. *Id.* at ¶ 11. Plaintiffs filed suit in Civil District Court for the Parish of Orleans, alleging the airbags in the Vehicle were defective under the Louisiana

Products Liability Act. *Id.* at ¶¶ 13, 15. Plaintiffs named as Defendants Autoliv (as the manufacturer of the airbags) and Progressive (as Pittman's insurer).[1] *Id.* at ¶¶ 15, 22.

## LEGAL STANDARD

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).

The party seeking summary judgment has the initial burden of showing the absence of a genuine issue of material fact by pointing out the record contains no support for the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (quoting FED. R. CIV. P. 56(c)). Thereafter, if the nonmovant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).

District courts may not grant an unopposed motion for summary judgment simply because the motion is not opposed but may grant the motion "if the undisputed facts show the movant is

---

[1] Plaintiffs also named as Defendant Volkswagen Group of America, Chattanooga Operations, LLC ("Volkswagen").

entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (per curium).

## ANALYSIS

Progressive and Autoliv filed separate motions seeking summary judgment on Plaintiffs' claims.  Progressive argues although it issued policy number 920398497 (the "Policy") to Pittman, and the Policy was in effect at the time of the alleged accident, the Policy does not provide coverage because the tractor trailer does not constitute an uninsured motor vehicle under the Policy. Autoliv argues it cannot be liable to Plaintiffs as a manufacturer because it did not manufacture the airbags in the Vehicle.

A. *Progressive's Motion*

To recover under an insurance policy, "an insured must prove that its loss is covered by the policy."  *S. Fidelity Ins. Co. v. Gomez*, No. 22-CV-136, 2022 WL 3285014, at *3 (E.D. La. Aug. 11, 2022) (quoting *Whitehead v. Curole*, 277 So.3d 409, 412 (La. App. 1 Cir. 2019)) (internal quotations omitted).  It is an elementary principle that "an insurance policy is a contract and, as with all other contracts, it constitutes the law between the parties . . . . If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written." *Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 420 (La. 1988).  Courts do not look to the parties' intent if the wording of the contract is "clear and explicit" and does not lead to "absurd consequences." *Id.*

Progressive submits evidence that to recover under uninsured motorist coverage under the Policy, Pittman must "prove, through an independent and disinterested witness, that the bodily injury or property damage was the result of the actions of another driver or another vehicle whose identity is unknown or who is uninsured or underinsured."  R. Doc. 41-6 at 9-10.  Progressive

argues the record is devoid of evidence, from an independent witness, that the accident was the fault of an unknown or underinsured motorist. Progressive also maintains that discovery responses, provided by Progressive, show Plaintiffs have been unable to find or identify the driver of the tractor trailer, who Plaintiffs indicate in discovery responses is the only other potential witness to the accident. Plaintiffs, by filing a notice of no opposition, present no evidence they have produced an independent and disinterested witness as is required by the Policy. The evidence in the record shows there is no genuine issue of material fact, and Progressive is entitled to judgment as a matter of law. Accordingly, summary judgment is appropriate.

    B. *Autoliv's Motion*

The Louisiana Products Liability Act (the "LPLA") provides "the exclusive theories of liability for manufacturers for damage caused by their products." *Guidry v. Janssen Pharm. Inc.*, 206 F.Supp.3d 1187, 1197 (E.D. La. 2016) (quoting LA. R.S. § 9:2300.52) (internal quotations omitted). To prevail on a claim under the LPLA, the plaintiff must establish (1) the defendant is a manufacturer of the product; (2) the plaintiff's damage was proximately caused by a characteristic of the product; (3) the characteristic made the product unreasonably dangerous; and (4) the claimant's damage arose from a reasonably anticipated use of the product. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002).

The record evidence shows Autoliv is not the manufacturer of the airbags in the Vehicle. Autoliv submits discovery responses showing Volkswagen responded "admitted" when asked to "[p]lease admit that Autoliv . . . did not produce the airbag module for Plaintiff's 2015 Volkswagen Passat." R. Doc. 46-2 at 1, 2. Autoliv also provided a purchase order from Volkswagen showing TRW Occupant Restraints de Chihuahua provided the airbag modules for the make and model of the Vehicle. R. Doc. 46-2 at 1, 2, and 4. Plaintiffs, in filing a notice of no opposition in response

to Autoliv's motion offer no summary judgment evidence to show Autoliv manufactured the airbags. Based on the evidence before the Court, there is no genuine issue of material fact, and Autoliv is entitled to judgment as a matter of law. Thus, summary judgment is appropriate.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** Progressive's Motion for Summary Judgment (Record Document 41) is **GRANTED**. Plaintiffs' claims against Progressive are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** Autoliv's Motion for Summary Judgment is **GRANTED**. Plaintiffs' claims against Autoliv are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 26th day of July, 2023.

*[signature]*
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**